UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Gemane Nettles,
    Plaintiff,
vs.

Clervoix LLC and
Le Bon Pain, LLC,
    Defendants.

## COMPLAINT

Plaintiff, GEMANE NETTLES ("Plaintiff"), by his undersigned counsel, hereby files this Complaint against Defendants, CLERVOIX LLC and LE BON PAIN, LLC ("Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (the ADA) and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"). This matter concerns Plaintiff's visits to LE BON PAIN BAKERY, located at 211-63 JAMAICA AVENUE, JAMAICA, QUEENS, NY 11428, wherein Plaintiff encountered several barriers which have and will deter him from visiting the bakery in the future. Plaintiff's past visit and his desire to return are fully set forth herein.

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendants' violations of Title III of the ADA (*see also*, 28 U.S.C. §§ 2201 and 2202).

2. Plaintiff currently resides in Brooklyn, New York, is *suis juris,* and is a complete T-6 paraplegic and bound to ambulate in a wheelchair. He has been disabled for over twenty-two (22) years and is a qualified individual with disabilities under the ADA.

1

3. Defendant, CLERVOIX LLC, a limited liability company, transacts business in the State of New York and within this judicial district. Defendant, CLERVOIX LLC, is the owner and/or lessor, of the real property located at 211-63 JAMAICA AVENUE, JAMAICA, QUEENS, NY 11428 where the bakery known as LE BON PAIN BAKERY is located (the "Facility").

4. Defendant, LE BON PAIN, LLC, a limited liability company, transacts business in the State of New York and within this judicial district. Defendant, LE BON PAIN, LLC, is the lessee of the Facility located at 211-63 JAMAICA AVENUE, JAMAICA, QUEENS, NY 11428 and the owner and/or operator of a bakery known as LE BON PAIN BAKERY (the "Facility").

5. Plaintiff has visited the Subject Property which forms the basis of this lawsuit on or about the later portion of February 2024, and again on or about August 1, 2024. On both of these occasions, the Plaintiff's ability to ambulate through the entrance of the Subject Property was constrained, hindered, and thwarted by the structural barriers, that which prevented access to the public accommodation when his wheelchair's caster and front rigging impinged upon the entrance's barrier step, such contiguity obstructing any safe ingress. The Plaintiff plans to return to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property, and thereby determine whether the Subject Property has been made ADA compliant. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in this Complaint.

6. Plaintiff lives only several miles from the Defendants' Facility, passes by the Defendants' Facility at least once per week when he is doing errands, visiting family and friends throughout the borough, and looking to eat out. Moreover, the Defendants' Facility is in a neighborhood that Plaintiff dines out two to three times per month. Foremost, Plaintiff has dined at, and in, nearly all of the neighboring restaurants surrounding the subject facility, that are all without obstructions. Moreover, Plaintiff dines at restaurants on this street about once or twice per month, including but not limited to the Jey-Six Market, Food Corner Deli, and Bon Appetit Restaurant amongst many others; and thereon affirms that he would dine at the Defendant's restaurant and avail himself of the goods and services offered to the public, were it not for the structural barriers inhibiting his ability to enter the subject facility, in direct contravention of Title III of the ADA and provisions under the ADAAG.

7. The Defendants' Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG. Plaintiff has visited the Subject Property which forms the basis of this lawsuit and plans to return to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property, and to determine whether the Subject Property has been made ADA compliant. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in this Complaint.

8. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility. In this instance, Plaintiff visited the Facility and

encountered barriers to access at the Facility, engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth herein.

9. Plaintiff visited the Facility and encountered barriers to access at the Facility no less than two times, specifically on or about the later of February 2024, and again on or about August 1, 2024, engaged the barriers where the wheelchair's caster and front rigging impingement at the barrier obstructed entry and caused plaintiff to turn back, thus suffering legal harm and injury. Plaintiff will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth in greater detail herein. The Plaintiff will continue to dine out in the neighborhood of the Defendants' subject property; specifically plans to visit this subject property this autumn and winter with family and friends for nights out, and holidays and events; and will thereon continue to attempt to access the services and facilities at said premises which have been deprived at all times material**.**

10. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is in the Eastern District.

**FACTUAL ALLEGATIONS AND CLAIM**

11. Plaintiff has attempted to access the Facility to enjoy the goods and services offered therein but could not do so without substantial hardship due to his disability, which requires him to ambulate in a wheelchair, and the significant barriers to access existing at the Facility.

12. The New York State Human Rights Law provides: (a) "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation…. because of the …

disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability … NYS Exec. Law § 296 (2)(a)."

13. Plaintiff travels through this neighborhood regularly, has partaken of the services offered in nearly all the surrounding public accommodations, and thereon intends to visit the Facility again in the near future in order to utilize all of the goods and services offered therein but will be unable to do so because of the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict and/or limit his access to the Facility, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

14. Defendants have discriminated against Plaintiff by denying him full access to the goods, services and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), will continue to discriminate against Plaintiff unless and until Defendants remove all physical barriers including those specifically set forth below.

15. Defendants have discriminated against Plaintiff by failing to remedy the ADA violations, which by their nature, affect Plaintiff and other wheelchair bound plaintiffs. A specific list of ADA violations which preclude and/or limit Plaintiff's ability to access the facility and to enjoy the goods and services offered therein, include the following:

1. Inaccessible entrance.
2. Accessible route to establishment not provided as required.
3. Accessible means of egress not provided as required.

4. Existing step at entrance acts as a barrier to accessibility.

5. Required ramp not provided for step at entrance.

> ADAAG 206 Accessible Routes
> ADAAG 206.1 General.
> Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
> ADAAG 206.2 Where Required.
> Accessible routes shall be provided where required by 206.2.
> ADAAG 206.2.1 Site Arrival Points.
> At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
> ADAAG 206.4 Entrances.
> Entrances shall be provided in accordance with 206.4.
> Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
> ADAAG 207 Accessible Means of Egress
> ADAAG 207.1 General.
> Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).
> ADAAG 402 Accessible Routes
> ADAAG 402.1 General.
> Accessible routes shall comply with 402.
> ADAAG 402.2 Components.
> Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
> ADAAG 403 Walking Surfaces
> ADAAG 403.4 Changes in Level.
> Changes in level shall comply with 303.
> ADAAG 303.4 Ramps.
> Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

6. Required minimum maneuvering clearance not provided at entrance door.

7. Non-compliant change in floor level within required maneuvering clearance at

entrance door.

> ADAAG 206 Accessible Routes
> ADAAG 206.1 General.
> Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
> ADAAG 206.2 Where Required.
> Accessible routes shall be provided where required by 206.2.
> ADAAG 206.2.1 Site Arrival Points.
> At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
> ADAAG 206.4 Entrances.
> Entrances shall be provided in accordance with 206.4.
> Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
> ADAAG 206.4.1 Public Entrances.
> In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404.
> ADAAG 207 Accessible Means of Egress
> ADAAG 207.1 General.
> Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).
> ADAAG 404.2.4 Maneuvering Clearances.
> Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.
> ADAAG 404.2.4.4 Floor or Ground Surface.
> Floor or ground surface within required maneuvering clearances shall comply with 302.
> Changes in level are not permitted.

8. Multiple inaccessible self-service beverage coolers displaying beverages for purchase.

9. Non-compliant heights of shelves in self-service beverage coolers exceed maximum height allowance.

> ADAAG 904.5.1 Self-Service Shelves and Dispensing Devices.
> Self-service shelves and dispensing devices for tableware, dishware, condiments, food and beverages shall comply with 308.

7

> ADAAG 308 Reach Ranges
> ADAAG 308.1 General.
> Reach ranges shall comply with 308.
> ADAAG 308.2 Forward Reach.
> ADAAG 308.2.1 Unobstructed.
> Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground.
> ADAAG 308.2.2 Obstructed High Reach.
> Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction.
> The high forward reach shall be 48 inches maximum where the reach depth is 20 inches maximum.
> Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum.
> ADAAG 308.3 Side Reach.
> ADAAG 308.3.1 Unobstructed.
> Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum and the low side reach shall be 15 inches minimum above the finish floor or ground.
> ADAAG 308.3.2 Obstructed High Reach.
> Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum and the depth of the obstruction shall be 24 inches maximum.
> The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

10. Inaccessible service counter.

11. Non-compliant height of service counter exceeds maximum height allowance.

> ADAAG227 Sales and Service
> ADAAG 227.1 General.
> Where provided, check-out aisles, sales counters, service counters, food service lines, queues, and waiting lines shall comply with 227 and 904.
> ADAAG 904.4 Sales and Service Counters.
> Sales counters and service counters shall comply with 904.4.1 or 904.4.2.
> The accessible portion of the counter top shall extend the same depth as the sales or service counter top.
> ADAAG 904.4.1 Parallel Approach.

> A portion of the counter surface that is 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finish floor shall be provided.
> A clear floor or ground space complying with 305 shall be positioned for a parallel approach adjacent to the 36 inch (915 mm) minimum length of counter.

16. The above listing may not include all the barriers countered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility to determine **all the ADA violations.**

17. The removal of the ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

18. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

20. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it

readily accessible and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Dated: <u>September 15, 2024</u>

Respectfully submitted,

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By: <u>s/ Maria-Costanza Barducci</u>
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com